| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | MICHAEL L. RESCH (SBN 202909) |
| 2 | *mresch@mayerbrown.com* |
| | MAXIMILLIAN L. DEL REY (SBN 285397) |
| 3 | *mdelrey@mayerbrown.com* |
| | 350 South Grand Avenue |
| 4 | 25th Floor |
| | Los Angeles, CA 90071-1503 |
| 5 | Telephone: (213) 229-9500 |
| | Facsimile: (213) 625-0248 |
| 6 | |
| 7 | Attorneys for Defendant |
| | CHOBANI, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LEVEL ONE MARKETING, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHOBANI, INC., a New York corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 4:14-cv-01241<br><br>(Superior Court of the State of California for the County of Contra Costa, Case No. MSC-1400294)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 USC. § 1441(b)**<br><br>(Civil Local Rules 3-16) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, for the reasons set forth below, Defendant Chobani, Inc. ("Chobani" or "Defendant") by its undersigned attorneys files this Notice of Removal to remove this action from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446(b).

In support of the Notice of Removal, Defendant states as follows:

### SUMMARY OF ACTION AND GROUNDS FOR REMOVAL

1. On February 11, 2014, Plaintiff Level One Marketing, Inc. ("Level One" or "Plaintiff") commenced this action by filing a complaint ("Complaint") and summons ("Summons") in the Superior Court of the State of California, County of Contra Costa, entitled *Level One Marketing, Inc. v. Chobani, Inc. and Does 1-50, inclusive*, Case No. MSC-1400294. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint filed in the State Court Action are attached hereto as Exhibit A.

2. Plaintiff sent copies of the Complaint and Summons to Defendant via certified mail on February 18, 2014, and such service was effective ten days later on February 28, 2014, pursuant to California Code of Civil Procedure § 415.40. There have been no further proceedings in the State Court Action.

### THIS NOTICE OF REMOVAL IS TIMELY

3. This Notice of Removal has been filed within thirty days of completion of service and therefore has been filed timely. *See* 28 U.S.C. § 1446.

4. Plaintiff filed the Complaint on February 11, 2014. *See* Ex. A. The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under applicable state law. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Plaintiff mailed a copy of the Summons and Complaint on February 18, 2014, which, under California law, was effective on February 28, 2014.

5. Pursuant to California law, where a summons and complaint is served by mail on a person outside California, service of process is deemed complete on the 10th day after such mailing. Cal. Code Civ. Proc. § 415.40. Accordingly, this Notice of Removal is timely as it is filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b); Cal. Code Civ. Proc. § 12a(a). Further, no defendant other than Chobani needs to join in or consent to the removal of this action, as Chobani is unaware of the identity of any "Doe" defendants and has no reason to believe any of them have been properly served or have voluntarily appeared in this action. 28 U.S.C. § 1446(c).

## STATEMENT OF JURISDICTION AND VENUE

6. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Because, as detailed below, this action satisfies these requirements, it may be removed pursuant to 28 U.S.C. §§ 1441(b) and 1446.

**A. There is Complete Diversity of Citizenship**

7. Complete diversity exists between the relevant parties to this action. As alleged in the Complaint, Plaintiff "is now, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California." Ex. A, Compl. ¶ 1. On information and belief, Plaintiff is a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

8. As Plaintiff alleges, Defendant Chobani is "a New York corporation." Ex. A, Compl. ¶ 2. Defendant has its principal place of business in Norwich, New York. Therefore, Defendant is not a citizen of the state of California. *See* 28 U.S.C. § 1332(c)(1).

9. Plaintiff has also named "Does 1-50" as defendants. Pursuant to 28 U.S.C. § 1441(a), "the citizenship of defendants under fictitious names shall be disregarded" for purposes of removal. Accordingly, the citizenship of the Doe defendants may not be considered for diversity purposes.

10. Therefore, because Plaintiff is a citizen of California and Defendant is a citizen of New York, there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1).

**B.     The Amount In Controversy Exceeds $75,000**

11.     The amount in controversy in Plaintiffs' Complaint exceeds the jurisdictional minimum of $75,000. Plaintiff alleges that Defendants have committed a breach of written contract against Plaintiff by failing to fulfill the terms of a brokerage services agreement with Plaintiff. Ex. A, Compl. ¶ 8-11, 14. Plaintiff alleges the brokerage services agreement required Chobani to provide Plaintiff six months' notice of termination of the brokerage services agreement, and to pay commissions pursuant to the agreement for six months beyond the effective date of termination. Ex. A, Compl. ¶ 12. Thus, Plaintiffs seek unpaid commissions for one year beyond the date that Chobani gave notice that it was terminating the parties' relationship. *Id.*

12.     Based upon past commissions paid by Chobani to Plaintiff, the disputed unpaid commissions exceed the $75,000 jurisdictional limit. *See* Declaration of Nicole Knapp, Ex. B.

13.     Accordingly, the amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**THE REMOVAL PREREQUISITES ARE SATISFIED**

14.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed timely within thirty days of service to Defendant, and this Notice of Removal is being filed less than one year after commencement of the action.

15.     A true and correct copy of all process, pleadings, and orders received by Defendant is attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

16.     Written notice of the filing of this Notice of Removal is being given to all parties and their counsel of record.

17.     The written Notice of Removal being given to all parties and their counsel of record, together with a copy of this Notice of Removal, will be filed promptly with the Clerk of the Superior Court of the State of California in the County of Contra Costa, as required by 28 U.S.C. § 1446(d).

18.     No previous application has been made by Defendant for this or similar relief.

1     **WHEREFORE,** Defendant Chobani desires to remove this action to the United States District Court for the Northern District of California, and hereby requests that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: March 17, 2014          MAYER BROWN LLP

                                         By: */s/ Michael L. Resch*
                                                    MICHAEL L. RESCH
                                         Attorneys for Defendant
                                         CHOBANI, INC.

## PROOF OF SERVICE

I, Hae Jung Park, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Mayer Brown LLP, 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On March 17, 2014, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(b)**

[x] by placing the document(s) listed above in a sealed **UPS** envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for delivery.

Ari J. Lauer, Esq.
Law Offices of Ari J. Lauer
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA 94596
Tel.: (925) 933-7012
Fax: (925) 933-7017
Email: alauer@lauerlaw.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 17, 2014, at Los Angeles, California.

_____
Hae Jung Park