# EXHIBIT A

| SUMMONS | SUM-100 |
|---|---|
| **(CITACION JUDICIAL)** | **FOR COURT USE ONLY** *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CHOBANI, INC., a New York corporation and DOES 1 through 50, inclusive




FILED
2014 FEB 11 P 4:03
CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA
A.J. GAMBOL
BY_____ DEPUTY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LEVEL ONE MARKETING, INC., a California corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Contra Costa County Superior Court
725 Court Street
Martinez, CA 94553

CASE NUMBER:
*(Número del Caso):* C 14-00294

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

ARI J. LAUER (925) 933-7012 (925) 933-7017
LAW OFFICES OF ARI J. LAUER
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA 94596

DATE: FEB 11 2014 Clerk, by A.J. GAMBOL , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

5

1  ARI J. LAUER, SBN 144017
   LAW OFFICES OF ARI J. LAUER
2  500 Ygnacio Valley Road, Suite 325
   Walnut Creek, CA 94596
3  Tel: (925) 933-7012
   Fax: (925) 933-7017
4  Email: alauer@lauerlaw.com

5  Attorneys for Plaintiff
   LEVEL ONE MARKETING, INC.

FILED
2014 FEB 11 P 4:03
CLERK ... COURT
COUNTY OF CONTRA COSTA, CA
By: A.J. GAMBOL

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF CONTRA COSTA, UNLIMITED JURISDICTION

| | |
|---|---|
| LEVEL ONE MARKETING, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CHOBANI, INC., a New York corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. **C 14-00294**<br><br>**COMPLAINT FOR BREACH OF WRITTEN CONTRACT AND COMMON COUNT FOR SERVICES RENDERED**<br><br>PER LOCAL RULE 5 THIS CASE IS ASSIGNED TO DEPT _____ |

### GENERAL ALLEGATIONS

1. Plaintiff Level One Marketing, Inc. is now, and at all times relevant herein was, a corporation organized and existing under the laws of the State of California. Plaintiff is in the food brokerage business.

2. Plaintiff is informed and believes and thereon alleges that at all times relevant herein defendant Chobani, Inc. is and was a New York corporation doing business in Contra Costa County.

3. Plaintiff is informed and believes and thereon alleges that defendant Chobani, Inc.'s corporate status in California is forfeited. As such, California Revenue and Taxation Code section 23301 precludes defendant Chobani, Inc. from defending this action.

4. Venue is proper in Contra Costa County pursuant to a venue provision in the parties' contract, as further alleged herein.

5. The true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to show the DOE defendants' true names and capacities when the same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages were proximately caused by the wrongful conduct of such defendants. In addition, each of the defendants was the agent or co-conspirator of each of the other defendants and in committing the wrongful conduct alleged herein, was acting within the course and scope of said agency or conspiracy and with the knowledge, permission, consent or approval of the other defendants, and each of them.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract Against All Defendants)

7. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6, as though fully set forth herein.

8. On or about September 11, 2007, Plaintiff and Agro-Farma, Inc. entered into an Agreement for Brokerage Services (the "Contract"). A true and correct copy of the Contract is attached hereto as Exhibit "A" and incorporated herein by reference as though set forth in full.

9. In or about January 2012, Agro-Farma, Inc. changed its name to Chobani, Inc.

10. Defendants DOES 1-50 are signatories to the Contract, successors or assigns of Agro-Farma, Inc./Chobani, Inc. or another party to the Contract, or otherwise legally responsible for the contractual obligations of Agro-Farma, Inc./Chobani, Inc. under the Contract.

11. Pursuant to the Contract, Plaintiff provided food brokerage services to defendants, and each of them, and defendants, and each of them, agreed to pay Plaintiff for such services.

12. On or about September 19, 2013, Tim Seaton from defendant Chobani, Inc. sent Plaintiff a letter purporting to terminate the Contract (the "Termination Notice"). The Termination Notice triggered the termination provisions in the Contract, which provide Chobani may terminate the Contract with six months' notice, and must pay Plaintiff commissions on all sales that occur for a

1  period of six months after the effective date of the termination of the Contract. Given the Termination
2  Notice was dated September 19, 2013 and six months' notice is required to terminate, the effective
3  date of termination of the Contract is March 19, 2014. Moreover, since defendants agreed to pay
4  commissions for six months after the effective date of termination, defendants owe Plaintiff
5  commissions on all sales through September 19, 2014.

6  13.  Plaintiff has performed each and every condition and covenant on its part to be
7  performed under the Contract, except those conditions and covenants excused by defendants, or any
8  of them, or by the lack of performance of defendants, or any of them.

9  14.  Within the last two months, defendants, and each of them, breached the Contract by
10 refusing to pay commissions due and owing to Plaintiff. Despite requests for payment from Plaintiff,
11 defendants, and each of them, refuse to pay the Contract amounts due and owing to Plaintiff.

12 15.  As a result of the acts of defendants, and each of them, as alleged herein, Plaintiff has
13 incurred and continues to incur damages in an amount to be proven at trial, which amount is in excess
14 of the jurisdictional limit of this Court.

15 16.  The Contract contains an attorney's fees provision entitling the prevailing party to
16 recover all costs and expenses, including reasonable attorney's fees, incurred to enforce the Contract.

17 17.  The Contract provides the venue for any legal proceeding arising from or related to the
18 Contract is in Contra Costa County.

19
20                      **SECOND CAUSE OF ACTION**
21           **(Common Count for Services Rendered Against All Defendants)**
22 18.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17,
23 inclusive, as though fully set forth herein.

24 19.  Within two years last past, defendants, and each of them, became indebted to Plaintiff
25 for services rendered at the special instance and request of defendants. No part of this amount has
26 been paid, and demand for payment in full has been made. The amount due and owing is increasing
27 monthly as commissions become due on all sales going forward through September 19, 2014. Plaintiff
28 is entitled to receive this amount, including interest, from defendants, and each of them.

Law Offices of Ari J. Lauer
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA 94596
(925) 933-7012

COMPLAINT

WHEREFORE, Plaintiff Level One Marketing, Inc. prays for judgment against defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1. For actual damages in an amount to be proven at trial, in excess of the jurisdictional limit of this Court.

### SECOND CAUSE OF ACTION

2. For actual damages in an amount to be proven at trial, in excess of the jurisdictional limit of this Court.

### ALL CAUSES OF ACTION

3. For costs of suit;
4. For attorney's fees;
5. For interest at the legal rate; and
6. For such other and further relief as the Court may deem just and proper.

Dated: February 7, 2014                LAW OFFICES OF ARI J. LAUER

By:_____
ARI J. LAUER
Attorneys for LEVEL ONE MARKETING, INC.

Law Offices of Ari J. Lauer
00 Ygnacio Valley Road, Suite 325
Walnut Creek, CA 94598
(925) 933-7012

**COMPLAINT**

**EXHIBIT A**



# AGREEMENT FOR BROKERAGE SERVICES

This Agreement for Brokerage Services (hereinafter "Agreement") is entered into between Level One Marketing, Inc. ("Level One"), having its principal place of business at 140 Town and Country Drive, Suite A, Danville, California 94526, and Supplier as follows:

A.     Supplier Information (hereinafter "Supplier")

     Legal Name of Client: Agro-Farma, Inc.

     DBA (if any):

     Address: 669 County Rd. 25

     City: New Berlin, NY 13411

     Phone: 607.847.6181      Fax: 607.847.8847      Email: kyle.obrien@agro-farma.com

1. **Services to be Provided.** Level One shall devote such time to the performance of the Services as is reasonably necessary for a satisfactory performance. Level One represents that it has the qualifications and ability to perform the Services in a professional manner and shall have sole discretion and control of its work and the manner in which it is performed.

2.

3. **Merchandise Covered.** Supplier understands and agrees that Level One will act as its exclusive sales agent and broker in connection with all sales and/or contracts for merchandise set forth in Exhibit A ("Products"), in the exclusive sales territories ("Territory") set forth in Exhibit A. The Products include all products manufactured by the Supplier and any additional items Supplier may stock for resale.

4. **Commissions.** Supplier agrees to pay Level One commissions on the Products sold within Territory. Commissions shall be calculated on the net amount of sales within Territory. Net sales shall be defined as the sales price of the Product, excluding sales tax and shipping. Supplier shall pay commissions at the following rates to Level One: See Exhibit A

*Level One Marketing*
*1*

11

5. **Term of Agreement.** This Agreement shall be for a term of one (1) year from the date the document is executed by Level One and Supplier. The Agreement will automatically renew for an additional one (1) year term. The Supplier or Broker may terminate this Agreement with 6 months written notice, provided in Paragraph 10 of this Agreement.

6. **Payment.** Supplier agrees to pay Level One at the address indicated on page 1 of this Agreement on or before the 15th day of the following month in which the invoices are sent. Supplier shall prepare and provide a monthly commission statement summary, which shall accompany its payment. The summary shall include the purchase order numbers, invoice numbers and dollar amounts utilized to compute the commissions. Supplier shall provide copies of all customer invoices and/or credit memos relating to sales in Territory to Level One on the date the invoice is generated. Payment for commission or reimbursable expenses is due upon receipt of invoice. Any balance remaining unpaid after thirty (30) days will bear interest at the rate of 10% per annum but in no event higher than the maximum interest permitted by law. Failure to make timely payments as specified herein constitutes a material breach of this Agreement.

7. **Excuse of Performance.** Level One shall not be responsible for delay in performance of the Services in whole or in part if occasioned by strike, war, riot, revolution, embargo, flood, fire, power outage, drought, accident, insurrection, lockouts, breakdown of machinery, acts of God or any other unavoidable cause other than Level One's own negligence.

8. **Indemnification.** Supplier shall and does hereby indemnify, defend and hold harmless Level One, Level One's officers, directors and shareholders from and against any and all claims, demands, losses, costs, expenses, obligations, liabilities, damages, recoveries and deficiencies, including, without limitation, interest, penalties, and reasonable attorney's fees and costs, that Level One may incur or suffer and that arise, result from or are related to any breach or failure of Supplier to perform any of the representations, warranties and agreements contained in this Agreement. Additionally, Supplier agrees to hold harmless Level One from and against any and all claims arising out of any actual or alleged injury, sickness, disease or death of any person, damage to any property or any other damage or loss, by whomever suffered, resulting or claimed to result, in whole or in part, from any actual or alleged defect on any merchandise sold by Supplier through Level One, or for which Level One has earned a commission. The term "defect in any merchandise" as used in this Agreement shall include, but not limited to, any actual or alleged failure of the merchandise to comply with specifications or with any express or implied warranty of Supplier, products liability claim or arising out of any actual or alleged violation by such merchandise, its manufacturer, possession or sale, of any law statute, ordinance or governmental administrative order, rule or regulation.

9. **Insurance.** Supplier agrees to maintain a broad policy of comprehensive general liability insurance in the minimum amount of $2,000,000.00 dollars per claim or consistent with Supplier's product being sold or as dictated by the retailer. The insurance policy shall remain in effect during the entire term of this Agreement. Supplier shall provide Level One with evidence of the insurance along with a current certificate of insurance upon policy renewal. In the event that Supplier ceases to maintain insurance in the aforementioned amount, Supplier shall notify Level One of such fact immediately and Level One shall have the right to terminate this Agreement.

10. **Status of Level One.** Level One enters into this Agreement as, and shall continue to be, an independent contractor. Under no circumstances shall Level One look to Supplier as its employer, nor as a partner, or principal. Level One shall not be entitled to any benefits accorded to Supplier's employees including, without limitation, workers compensation, disability insurance, vacation or sick pay. Level One shall be responsible for providing, at its expenses, and its own disability, worker's compensation or other insurance as well as licenses and permits usual or necessary for conducting the Services pursuant to this Agreement.

11. **Termination.** Termination of this Agreement for any reason, by either party, shall not void the liability of Supplier to Level One for commissions with respect to orders and contracts accepted by Supplier prior to the effective date of such termination, regardless of when such shipments are made or invoices rendered. Supplier shall pay commissions to Level One on all sales that occur for a period of (6) months after the effective date of the termination of the contract.

12. **Entire Agreement Between Parties.** This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the rendering of the Services contemplated by this Agreement, and contains all the covenants and agreements between the parties with respect to such Services. Each party acknowledges that no representations, inducements, promises, or agreements, orally or otherwise have been made by any party, or anyone acting on behalf of any party, which are not embodied herein, and that no other agreement, statement, promise not contained in this Agreement shall be valid or binding. Any modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

13. **Successors and Assigns.** This Agreement shall be binding upon and inure to the benefits of the subsidiaries, affiliates, successors and assigns of the parties hereto. In the event that the Supplier is sold, re-organized or merged with another company, this agreement shall be binding with the new company, partners or owners.

14. **Notice.** Any notices delivered under this Agreement shall be deemed delivered when personally delivered or five (5) days after they are deposited with the United States Postal Service, or analogous national postal service, or certified mail, return receipt requested, addressed to the parties at their addresses set forth on the front page of this Agreement. Any party may change

the address to which notices are to be sent by mailing written notice thereof to the other party as provided in this paragraph.

15. **Attorneys' Fees and Costs.** If any action at law or in equity, including an action for declaratory relief or arbitration, is brought to enforce or interpret the terms of this Agreement, the prevailing party will be entitled to reasonable attorneys' fees and costs, which may be set by the arbitrator or the court in the same action or a separate action brought for that purpose, in addition to any other relief to which that party may be entitled.

16. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of California. Venue for any action at law or in equity shall be proper in Contra Costa County.

SUPPLIER

Date: 9/10/07
By: K. POP
Title: Dir. of Retail Sales

Level One Marketing, Inc.
Date: 9/11/07
By: [signature]
Title: president

# Exhibit A

## Products and Commission Rates

All Branded Products from Supplier: 5% commission

## Retailers and Territory:
Costco Wholesale USA and International

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

LEVEL ONE MARKETING VS. CHOBANI, INC

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC14-00294

1. NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  07/01/14        DEPT:  31        TIME:  9:00

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES. ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2. You may stipulate to an earlier Case Management Conference. If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)646-4099 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3. You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4. At any Case Management Conference the court may make pretrial
orders including the following:

   a. an order establishing a discovery schedule
   b. an order referring the case to arbitration
   c. an order transferring the case to limited jurisdiction
   d. an order dismissing fictitious defendants
   e. an order scheduling exchange of expert witness information
   f. an order setting subsequent conference and the trial date
   g. an order consolidating cases
   h. an order severing trial of cross-complaints or bifurcating
      issues
   i. an order determining when demurrers and motions will be filed

                                SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  02/13/14                    _____
                                         A. GAMBOL, Deputy Clerk

16

# EXHIBIT B

## DECLARATION OF NICOLE KNAPP IN SUPPORT OF NOTICE OF REMOVAL

I, NICOLE KNAPP, declare:

1. For the period of approximately June 2009 to August 2013, I was the Credit Manager at Chobani, Inc. (or its predecessor Agro-Farma, Inc.) (collectively, "Chobani"), and in or about August 2013 I became Chobani's Manager of Financial Process Improvement and System Support. This declaration is being submitted in support of Chobani's Notice of Removal to the United States District Court for the Northern District of California of the action titled *Level One Marketing, Inc. v. Chobani, Inc. and Does 1-50, inclusive*, which I understand bears Case Number 1400294 and was filed on February 11, 2014, in the Superior Court of the State of California, County of Contra Costa (the "Action"). I have personal knowledge of all the facts stated in this declaration and, if called upon as a witness, I could and would testify to those facts.

2. As part of my employment at Chobani, my job responsibilities include overseeing the calculation and payment of contractual commissions to certain third parties, including Level One Marketing, Inc. ("Level One"). I have been informed and understand that in the Action, Level One is seeking unpaid commissions from approximately November 2013 through September 2014. Calculating the commissions at a rate of 2% – which was the commission rate Level One was being paid prior to being terminated in September 2013 – the amount of the alleged unpaid commissions not paid to Level One is already over $100,000 for the time period November 2013 through February 2014. The amount of alleged unpaid commissions will only grow through September 2014, and thus the amount in dispute in the Action is well over $75,000.

//
//
//
//

1

I declare, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on March 17, 2014, at _Armonk_, New York.

*Nicole Knapp*
NICOLE KNAPP